Filed 11/16/21  P. v. Navarro CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>FRANCISCO SANDOVAL NAVARRO,<br><br>     Defendant and Appellant. | B308269<br><br>(Los Angeles County<br> Super. Ct. No. NA082399) |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard M. Goul, Judge.  Reversed and remanded with directions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Francisco Sandoval Navarro appeals from the denial of his petition for resentencing pursuant to Penal Code section 1170.95. We reverse and remand with directions to the superior court to issue an order to show cause and hold an evidentiary hearing on defendant's petition pursuant to section 1170.95, subdivision (d).

## BACKGROUND

On the evening of July 23, 2003, Alvaro S. was hanging out in the courtyard of a Long Beach apartment building with his two sons and four other men. A group of males entered the courtyard. One of the intruding males asked who was "the one fucking with [his] sister" and in short order, a "melee ensued." More than one of the assailants yelled out "This is BST," referring to Barrio Small Town, a criminal street gang. Alvaro S. was fatally stabbed in the abdomen during the attack, and two of the other men who had been in the courtyard with him received nonfatal knife wounds. (*People v. Navarro* (B236494; July 19, 2013) [nonpub. opn.].)

Defendant was charged, along with three codefendants, with one count of murder (Pen. Code, § 187, subd. (a)) and two counts of attempted murder (§§ 187, subd. (a), 664, subd. (a)) arising from the gang-related attack. Defendant's codefendants were three of his fellow BST gang members, one of whom was his brother. (None of the codefendants is a party to this appeal.)

At trial, there was no direct evidence presented that defendant wielded the knife that caused the injuries to the victims, or that he knew any codefendant was armed. There was evidence of a partial DNA match to defendant from a beer bottle found in the alley across from the courtyard where the attack occurred. An accomplice testified pursuant to an immunity

2

agreement that everyone outside the courtyard went into the courtyard to fight. On cross-examination, the accomplice denied actually seeing defendant in the courtyard. It is undisputed the jury was instructed with the natural and probable consequences doctrine and that the theory was argued to the jury. (*People v. Navarro*, *supra*, B236494.)

A jury found defendant guilty on all three counts with true findings the offenses were committed for the benefit of, at the direction of or in association with a criminal street gang. Defendant was sentenced to 55 years to life in prison. (*People v. Navarro*, *supra*, B236494.)

In 2013, we affirmed defendant's conviction in an unpublished decision, concluding there was sufficient circumstantial evidence defendant was a participant in the attack. (*People v. Navarro*, *supra*, B236494.)

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed. As part of the legislative changes effected by Senate Bill 1437, Penal Code section 1170.95 was enacted. The statute provides a procedural mechanism for defendants convicted of murder on a felony murder theory or under the natural and probable consequences doctrine to seek resentencing. The statute became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

In May 2019, defendant filed in propria persona a form petition for resentencing pursuant to Penal Code section 1170.95. The court appointed counsel for defendant and ordered the People to file a response to the petition. The People filed opposition and defendant, through appointed counsel, filed a reply.

Because of delays occasioned by the COVID-19 pandemic, a hearing on defendant's petition was not held until August 14,

2020. Defendant was present, represented by counsel, and the proceedings were reported. After entertaining argument, the court took the matter under submission. The court issued a written order denying defendant's petition on September 1, 2020. The court stated in its ruling that defendant had failed to make a prima facie case for relief and there was "ample evidence" in the record for the jury to find defendant possessed the intent to kill in aiding and abetting his codefendants.

Defendant appealed.

During the pendency of this appeal, the Legislature passed, and the Governor signed into law, Senate Bill 775 (2021–2022 Reg. Sess.). The new legislation amends Penal Code section 1170.95 and becomes effective January 1, 2022. (Stats. 2021, ch. 551, § 2.) We asked the parties to submit letter briefs addressing the new legislation. Both parties filed supplemental briefs.

Shortly after filing this appeal, defendant filed a petition for writ of habeas corpus (*In re Navarro* (May 26, 2021; B312680)), arguing his murder conviction must be vacated in light of *People v. Chiu* (2014) 59 Cal.4th 155, which held "that an aider and abettor may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine. Rather, his or her liability for that crime must be based on direct aiding and abetting principles." (*Chiu,* at pp. 158–159, italics omitted.) Respondent conceded the merits of defendant's petition which we resolve by separate order.

## DISCUSSION

### 1. The Murder Conviction

Defendant contends he is eligible for resentencing relief on his conviction on count 1 for first degree murder and that the

4

court erred in failing to issue an order to show cause and hold an evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3). Respondent concedes the trial court erred and that defendant is entitled to an evidentiary hearing. We agree.

The record does not establish that defendant is ineligible for relief *as a matter of law*. Rather, the record shows that defendant presented a prima facie case for relief, and the court therefore should have issued an order to show cause and conducted an evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d)(3). (*People v. Lewis* (2021) 11 Cal.5th 952, 960 [if a prima facie case is demonstrated, "the trial court issues an order to show cause, and then must hold a hearing"].)

In conducting the evidentiary hearing on remand, the trial court shall sit as an independent factfinder and hold the prosecution to the beyond a reasonable doubt burden of proof. (Pen. Code, § 1170.95, subd. (d)(3).) The People and defendant may rely on the record of conviction and offer new or additional evidence to meet their respective burdens. (*Ibid.*)

## 2. The Attempted Murder Convictions

Defendant also seeks resentencing relief as to his convictions for attempted murder. In light of the passage of Senate Bill 775 during the pendency of this appeal, we agree defendant is eligible for relief and entitled to an evidentiary hearing on counts 2 and 3 in addition to the murder charge in count 1.

Senate Bill 775 was signed into law on October 5, 2021, and expands the petition process under Penal Code section 1170.95 to include individuals convicted of "attempted murder under the natural and probable consequences doctrine." (Legis. Counsel's

Digest, Sen. Bill No. 775 (2021–2022 Reg. Sess.).) Senate Bill 775 was passed as nonurgency legislation during the regular session and becomes effective on January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1); see also *People v. Camba* (1996) 50 Cal.App.4th 857, 862.)

A defendant generally is entitled to benefit from amendments to criminal statutes that become effective while his case is on appeal. (*People v. Vieira* (2005) 35 Cal.4th 264, 305.) A judgment is not final on appeal "until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed." (*People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5.)

Even assuming this opinion is filed and the case remanded to the superior court before January 1, 2022, defendant's judgment will not become final until after Senate Bill 775 goes into effect. Defendant is therefore entitled to the benefit of the new amendatory provisions to Penal Code section 1170.95.

In supplemental briefing, respondent concedes that if we conclude defendant is entitled to the benefit of the amendments effected by Senate Bill 775, then defendant is entitled to an evidentiary hearing on the attempted murder charges.

We conclude the record supports defendant's entitlement to an evidentiary hearing on the attempted murder charges.

## DISPOSITION

The order denying defendant's resentencing petition is reversed and the case remanded to the superior court with the following directions:

The court shall issue an order to show cause and set an evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d) as to count 1 (murder), count 2 (attempted murder) and count 3 (attempted murder).

By separate order filed this date in *In re Navarro*, case No. B312680, we granted defendant's petition for writ of habeas corpus and ordered the superior court, on remand, to vacate his conviction on count 1 for first degree murder. If the People elect to retry defendant for murder, then the hearing pursuant to Penal Code section 1170.95 shall proceed as to defendant's conviction on counts 2 and 3 for attempted murder. If the People elect to forego retrial of defendant on the murder charge and concede to entry of a judgment of conviction on count 1 of second degree murder, then the hearing pursuant to section 1170.95 shall proceed as to all three counts.

After resentencing, the superior court is directed to prepare and forward a new abstract of judgment to the Department of Corrections and Rehabilitation.


GRIMES, Acting P. J.


WE CONCUR:


STRATTON, J.


WILEY, J.